933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth L. BONNER, Plaintiff-Appellee,
v.
Donal CAMPBELL, Debbie Brown, Ernest Hiles, Defendants,
Stephen Box, Defendant-Appellant.
 No. 90-6471.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant, Stephen Ray Box, appeals from the district court's denial of his motion for summary judgment seeking qualified immunity from plaintiff's claim under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 As a result of an incident on June 19, 1988, at the Turney Center Prison and Farm in Only, Tennessee, plaintiff, Kenneth L. Bonner, was charged with two counts of assault and one count of possession of a deadly weapon. Plaintiff was charged with assaulting Lt. Himes and Officer Butler. Plaintiff filed his civil rights complaint against several Disciplinary Board members. Plaintiff alleged that he was denied procedural due process at two separate disciplinary hearings on the disciplinary charges. Regarding the June 27, 1988 disciplinary hearing, plaintiff questioned the adequacy of the hearing summary completed by the Disciplinary Board. Specifically, plaintiff complained that the statement of his own testimony was not recorded accurately, nor was the testimony of a witness called on his behalf.
 
 
 3
 Regarding the July 29, 1988 disciplinary hearing, plaintiff alleged that the disciplinary hearing summary was devoid of a statement of evidence relied on to find him guilty of assault upon Officer Butler. Plaintiff sued the defendants in their individual and official capacities for monetary relief.
 
 
 4
 Plaintiff filed a motion for summary judgment on February 21, 1989. A magistrate denied plaintiff's motion in an order entered July 27, 1989, because plaintiff's motion was premature and plaintiff had failed to comply with the local rules of the court. Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment on August 4, 1989. A magistrate denied the defendants' motion in an order entered January 26, 1990, on the grounds that a genuine issue of material fact existed both as to whether plaintiff received procedural due process at one of the disciplinary hearings, and as to whether defendants were entitled to qualified immunity from an award of monetary damages.
 
 
 5
 Subsequently, an evidentiary hearing was held on July 3, 1990, pursuant to 28 U.S.C. Sec. 1915(d). Thereafter, on August 22, 1990, a magistrate issued a report recommending: 1) that the defendants' motion for summary judgment be granted as to the disciplinary action of the Himes assault; 2) that plaintiff's motion for summary judgment be granted as to the disciplinary action of the Butler assault; and 3) that defendant Box's request for qualified immunity be denied. Despite the parties' timely objections, the district court adopted the magistrate's report and recommendation and entered an order accordingly. On appeal, defendant Box maintains that he is entitled to qualified immunity.
 
 
 6
 Upon review, and for the reasons stated in the magistrate's report and recommendation entered August 22, 1990, as adopted by the district court, we conclude that there was no genuine issue of material fact and that the plaintiff was entitled to judgment as a matter of law as to the disciplinary action of the Butler assault. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Box's request for qualified immunity was properly denied as his actions were violative of the law clearly established in Wolff v. McDonnell, 418 U.S. 539, 564 (1974).
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.